STREET *v.* STATE.

(In Banc.   June 5, 1944.)

[18 So. (2d) 297.   No. 35487.]

N. W. Sumrall, of Belzoni, for appellant.

**Greek L. Rice**, Attorney-General, by **Geo. H. Ethridge**, Assistant Attorney-General, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellant was indicted and convicted upon a charge of an attempt to rape. There is no doubt that such an attempt was made. The difficulty is in the identity of the offender. The crime was committed about two o'clock at night, in the bedroom of the intended victim, and there were no lights. Two young lads who were sleeping in an adjoining room, heard the outcry and reached the room in time to see the offender as he fled but neither they nor the intended victim were able to identify him or to say whether he was white or black. We will omit further mention of details, as to what happened at the time and during the next two days, and as to the various statements made by the victim and the two lads during the two days

following the offense, and will mention only that on the third day the victim made what is alleged to have been a positive identification of appellant as the guilty person, and she thereafter clung to that version and asserted it with unreserved positiveness on the trial. We omit the facts of the alibi, and all other details, which would be of some length if pursued in every material feature, and will add only that the record has been examined and re-examined with the utmost care.

Reversal is sought on two grounds, (1) that the court should have granted appellant the peremptory instruction requested by him; or (2) that the verdict should have been set aside as being against the weight of the evidence.

In the record there is an order overruling the motion for a new trial, but the motion itself does not appear. It it stated by the attorney for appellant in his brief that he kept no copy of his motion for a new trial and that the original motion having been misplaced he was unable to supply it with a copy, having kept no copy, and he states that the grounds of the motion were substantially the same as his present assignments of error, all of which, except as to the peremptory instruction, go to the issue of the weight of the evidence, and save as to one minor item.

One member of the court is of the opinion that the testimony is sufficient to sustain the verdict. Another member is of the opinion that the evidence is sufficient to avoid a peremptory charge and that we cannot consider the assignment that the verdict is against the weight of the evidence in the absence of a motion in the record from which we can see from the motion itself that this was made one of its grounds. Another member is of the opinion that the testimony is sufficient to escape a peremptory charge, and that inasmuch as the record shows that a motion for a new trial was made and overruled, and that since the whole case has been litigated upon the issue of identity and the sufficiency of the evidence on that issue, we ought to consider it so highly probable as to treat it as a fact that the motion did assert and rely on the

ground that the verdict is against the weight of the evidence, and so treating it he is of the opinion that the verdict is against the weight of the evidence; and three members of the court are of the opinion that the case falls within the rule announced in Truckers Exch. Bk. v. Conroy, 190 Miss. 242, 250, 199 So. 301, and similar cases, and that the peremptory charge should have been given.

There being four votes for a reversal, but not four to reverse and dismiss, the order is that the judgment be reversed and the cause remanded.

Reversed and remanded.